I think it is not necessary in this case to raise a question on the doctrine that the privy in estate, from a person against whom, a suit is pending, and a judgment is afterwards obtained, is bound by that judgment. This is not the situation of the defendants. (338) They deny that they claim title under John Holloway. If they do not, they are not subject to be called upon in this proceeding. It only professes to bring in privies under Holloway, or persons having no title at all. They plead that they are bona fide purchasers under an *Page 276 
execution which issued against John Holloway, as administrator of Thomas Falconer, deceased. Of course, they claim the property as belonging to the estate of Thomas Falconer. They further plead that the judgment obtained against John Holloway was obtained by fraud. If this were the case, surely it ought not to be obligatory upon them. These pleas the demurrer admits. The consequence is, I think, that judgment should be entered for the defendants.
RUFFIN, J., dissented, but delivered no opinion.
PER CURIAM. Judgment reversed.
Cited: Haywood v. Sledge, post, 339; Mitchell v. Rainey, 20 N.C. 57.